BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF

WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>HERBERT WHITEHEAD III,<br><br>　　　　　　　Debtor.<br><br>HERBERT WHITEHEAD III,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH and ALICE WREN, assignees of STANFORD & SONS, LLC<br><br>　　　　　　　Defendants. | MAIN CASE NO. 22-40098<br><br>ADV. PRO. _____<br><br>LINE OF CREDIT DECLARATORY<br><br>JUDGMENT COMPLAINT |

　　　　Herbert Whitehead III ("**Plaintiff**") asserts the various allegations against Kenneth and Alice Wren ("the **Wrens**") as follows:

　　1.　　This litigation is an action to determine the proper amount of any security interest or indebtedness that the Wrens have against the Plaintiff and his Lake Tapps residence as the result of an assignment of various contractual rights by Stanford & Sons, LLC ("**S&S**") to the Wrens.

　　2.　　This complaint asserts that because S&S was entitled to no repayment of supposed loan proceeds from the Plaintiff, so too are the Wrens barred from

claiming a security interest against any property of this bankruptcy estate or unsecured indebtedness from the Plaintiff.

## I. JURISDICTION

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and Local Civil Rule 87 of the U.S. District Court for the Western District of Washington.

4. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2), including §157(b)(2)(A), (B), (E), (H), (K) and (O).

5. Venue is proper in the U.S. District Court for the Western District of Washington under 28 U.S.C. §1409.

## II. PARTIES

6. In 2009, Kenneth Brautigan ("**Brautigan**") started S&S, along with the assistance of Plaintiff Whitehead.

7. Whitehead is a resident of Pierce County. He lives at 2419 199th Ave Ct E Lake Tapps, WA 98391.

8. Brautigan was also at all relevant time periods, a resident of Pierce County.

9. Brautigan's later financing partner, Wren, the Defendant here, was, together with his marital community, also at all relevant time periods, a resident of Pierce County.

10. Wren has filed proof of claim no. 5, in this bankruptcy case, asserting that he holds a security interest worth more than a million dollars in a third position against Whitehead's residence.

11. Wren is married, and all actions complained of herein were undertaken in furtherance of his marital community.

12. Wren, like Brautigan and Whitehead, is a long-time automotive sales professional, but served as a lender in this particular case.

13. All three parties are well-versed in the nuances of business procedures and practices in the auto industry.

### III. FACTUAL ALLEGATIONS

14. After the creation of S&S, Whitehead entered into a line of credit with the company in an amount not to exceed $250,000.00.

15. Whitehead worked part time at S&S from 2010 through part of 2013. Whitehead began to work full time for S&S starting in 2013 and through July 16, 2019.

16. During this time, S&S paid monies to Whitehead for services rendered.

17. Wren asserts that payments to Whitehead between approximately August 2013 and February 2016 were loan disbursements under the 2010 Line of Credit.

18. However, if this were true, then improbably, Whitehead would have been working full time at a job for free.

19. It is even more inconceivable that he would have to pay back the money he earned with interest.

20. There are communications between Whitehead and Brautigan referencing paychecks, income, and other forms of compensation while at S&S for Whitehead during this time period.

21. Brautigan acknowledges that Whitehead was working and performing services for S&S at all material times hereto.

22. Moreover, Whitehead and Brautigan worked equal amounts during this time period, and were paid approximately the same amount.

23. At no relevant point in time did S&S or Brautigan ever request Whitehead repay any loan amounts, and at no point did the Plaintiff repay any monies to S&S.

24. Brautigan failed to even keep a record of the alleged loans.

25. In 2019, S&S shut down, and as part of the wind-up, Brautigan transferred all

rights under the 2010 Line of Credit to Wren.

26. Based on the 2010 Line of Credit, Wren filed proof of claim no. 5 in this bankruptcy, and initially obtained a state court judgment of foreclosure concerning the same relating to Whitehead's residence.

27. That judgment was appealed, and reversed for further proceedings by the Court of Appeals, Division 2, on May 9, 2023.

28. No monies are due and owing to Wren under the 2010 Line of Credit.

29. All of the alleged loans were in fact compensation for services rendered.

## IV. CAUSE OF ACTION: DECLARATORY JUDGMENT/QUIET TITLE

30. This Complaint sets forth as if fully set forth herein the allegations here preceding as if fully set forth herein.

31. No money was lent by S&S to Whitehead.

32. Therefore, Whitehead owed no money to S&S.

33. When S&S transferred its rights under the 2010 LOC to Wren, no right to repayment was transferred, and no security interest of value was established in the Whitehead's residence for the benefit of the Wrens or any other relevant party.

## PRAYER FOR RELIEF

A. Declare as a matter of law that the Wrens have no security interest or mortgage against Whitehead's residence and deny proof of claim no. 5 against the Bankruptcy Estate.

B. Provide an estimation of claim concerning any amounts that the Wrens deem they are owed by Whitehead.

C. Award Whitehead his attorney's fees, costs, expenses, and all other relief afforded to him under contract, statute or equity.

D. Award such other relief as the Court deems appropriate.

| | |
|---|---|
| 1 | DATED this 17th day of July, 2023. |
| 2 | |
| 3 | SALISH SEA LEGAL |
| 4 | By: ___/s/ Ben Ellison___ |
|   | Benjamin A. Ellison, WSBA No. 48315 |
| 5 | 2212 Queen Anne Ave N., No. 719 |
|   | Seattle, WA 98109 |
| 6 | Attorney for Herbert Whitehead |